NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH PRESTON NANCE, | No. 16-15321 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00500-SMM |
| v. | |
| ALLEN MISER, Senior Chaplain at Florence Complex ADC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted May 12, 2017
Pasadena, California

Before: KOZINSKI and OWENS, Circuit Judges and WILKEN,** Senior District Judge.

Plaintiff-appellant Keith Nance appeals the district court's decision to grant

summary judgment for defendants-appellees Allen Miser, Mike Linderman and

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Charles Ryan (collectively, Defendants) in this prisoner civil rights case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review de novo a district court's decision to grant summary judgment. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA) provides,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).[1] "RLUIPA thus allows prisoners 'to seek religious accommodations pursuant to the same standard as set forth in [the Religious Freedom Restoration Act (RFRA)].'" *Holt v. Hobbs*, 135 S. Ct. 853, 860 (2015) (citation omitted). RLUIPA must "be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." § 2000cc-3(g). As a result, it "may require a government to

---

[1] All citations to the United States Code are to Title 42 unless otherwise stated.

incur expenses in its own operations to avoid imposing a substantial burden on religious exercise." § 2000cc-3(c).

> RLUIPA establishes a burden-shifting regime:

> If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.

§ 2000cc-2(b). Thus, a confined person challenging a policy of the confining institution under RLUIPA must prove two things. First, the person bears "the initial burden of proving that the [institution's] . . . policy implicates his religious exercise." *Holt*, 135 S. Ct. at 862. Second, the person bears "the burden of proving that the [institution's] . . . policy substantially burden[s] that exercise of religion." *Id.* If the plaintiff succeeds, the burden shifts to the defendant institution to show that its policy "(1) [was] in furtherance of a compelling governmental interest; and (2) [was] the least restrictive means of furthering that compelling governmental interest." *Id.* at 863 (quoting § 2000cc-1(a)).

//

//

### 1. Religious Exercises

Nance wishes to use scented oils for a Friday weekly prayer and on two annual religious holidays, and he wishes to purchase the oils himself to ensure that they are halal. He also believes that his religion requires him to grow a "fist-length" beard. A claim under RLUIPA "must be sincerely based on a religious belief and not some other motivation." *Holt*, 135 S. Ct. at 862. Defendants do not dispute the sincerity of Nance's beliefs.

"Congress defined 'religious exercise' capaciously to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Id.* at 860 (quoting § 2000cc–5(7)(A)). Thus, "RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion . . . ." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005); *see also Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (rejecting centrality test for free exercise claims). Furthermore, the Supreme Court has repeatedly "warned that courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim." *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 887 (1990) (collecting cases). "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of

particular litigants' interpretations of those creeds." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). Accordingly, for the purposes of RLUIPA, the practices Nance wishes to engage in are religious exercises.

### 2. Substantial Burden

RLUIPA does not define "substantial burden." *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). A substantial burden "must impose a significantly great restriction or onus." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005). Supreme Court and Ninth Circuit precedent "clearly hold that punishments to coerce a religious adherent to forgo her or his religious beliefs" substantially burden religious exercise. *Warsoldier*, 418 F.3d at 996. Furthermore, the Ninth Circuit has had "little difficulty in concluding that an outright ban on a particular religious exercise is a substantial burden on that religious exercise." *Greene v. Solano Cty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008). Finally, a substantial burden may also be found where "alternatives require substantial 'delay, uncertainty, and expense.'" *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1068 (9th Cir. 2011) (citation omitted).

The district court erroneously concluded that neither of Nance's claimed religious exercises was substantially burdened because Nance had not sufficiently

demonstrated that the exercises were significant to his overall religious practice as a Muslim. In so concluding, the district court improperly engaged in evaluating the centrality of these exercises to Nance's religion.

Nance has shown that Arizona Department of Corrections (ADC) policies substantially burden his claimed religious exercises because the policies prohibit those exercises. Defendants' arguments to the contrary are unavailing. Defendants point out that Nance is allowed to purchase unscented oils and that he did not respond to an offer to use scented oils in group ceremonies, if the oils were donated. These accommodations do not permit the religious exercise Nance identifies. Furthermore, there is no guarantee that scented oils would be donated, resulting in uncertainty and potential delay. Defendants also argue that the threat of disciplinary action for failing to shave is insufficiently coercive, but this is contrary to Supreme Court and Ninth Circuit precedent. *Holt*, 135 S. Ct. at 862; *Warsoldier*, 418 F.3d at 996.

Accordingly, the district court erred in finding that Nance had not shown that his desired religious exercises are substantially burdened.

### 3. Compelling State Interest and Least Restrictive Means

Defendants do not respond to Nance's argument on the second half of the

6

RLUIPA analysis on appeal, instead requesting that the panel remand to the district court for further consideration because the district court did not reach the second half of the analysis. However, Defendants presented their evidence and arguments on this analysis below, and the standard of review on appeal is de novo. In the interest of judicial economy, we address the issue.

While prison security is a compelling state interest, *Cutter*, 544 U.S. at 725 n.13, Defendants conceded at oral argument that allowing Nance to purchase scented oils from an approved vendor and use them only under the supervision of the chaplain would not infringe on this interest, and they have not shown that their ban is the least restrictive means to advance it. In the chaplain's custody, the oils could not be used to hide the scent of contraband. Defendants raised the possibility that this alternative could prove a burden on the chaplain, but they misunderstood Nance to be asking to use scented oils five times a day. In any event, RLUIPA explicitly provides that it "may require a government to incur expenses in its own operations." § 2000cc–3(c). Furthermore, "the policies followed at other well-run institutions [are] relevant to a determination of the need for a particular type of restriction," *Holt*, 135 S. Ct. at 866 (citation omitted), and Defendants do not dispute that other well-run institutions permit the use of scented oils, *see Lewis v.*

*Ollison*, 571 F. Supp. 2d 1162, 1171 (C.D. Cal. 2008); *LaPlante v. Massachusetts Dep't of Correction*, 89 F. Supp. 3d 235, 244 (D. Mass. 2015). Finally, Defendants' concern that accommodating Nance's request would lead to other similar requests is the "'classic rejoinder of bureaucrats throughout history'" against exceptions to a rule, which was rejected in *Holt*. 135 S. Ct. at 866 (quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 436 (2006)).

When a prisoner challenges a confining institution's justifications for a policy that substantially burdens religious exercise, "prison officials *must* set forth detailed evidence, tailored to the situation before the court, that identifies the failings in the alternatives advanced by the prisoner." *Warsoldier*, 418 F.3d at 1000 (citation omitted). Defendants have not done so and, to the contrary, conceded that Nance's proposal would not adversely affect security. Accordingly, the panel will direct the entry of summary judgment for Nance on his request to order scented oils from an approved vendor, to be stored by the chaplain and used under the chaplain's supervision.

Whether Defendants' burden on Nance's exercise of his sincerely held religious belief that he must wear a fist-length beard furthers a compelling

8

government interest, and whether the one-inch maximum under ADC's grooming policy is the least restrictive means of advancing that interest, is not as clear. That issue will be remanded to the district court for further proceedings.

### 4. Conclusion

For the foregoing reasons, we find that Nance carried his burden under RLUIPA to show that his desired religious exercises are substantially burdened and we reverse the district court's summary judgment. Regarding scented oils, we find that Defendants not only failed to present detailed evidence that Nance's proposed alternative would be unworkable but conceded that it would not affect prison security, and we direct the district court to enter summary judgment for Nance on that issue. We remand for further proceedings regarding Defendants' restriction on the length of Nance's beard.

**REVERSED and REMANDED with instructions.**