NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH PRESTON NANCE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALLEN MISER, Senior Chaplain at Florence Complex ADC; et al., <br><br> Defendants-Appellees. | No. 18-15628 <br><br> D.C. No. 2:14-cv-00500-SMM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted April 17, 2019**

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Arizona state prisoner Keith Preston Nance appeals pro se from the district

court's judgment in his action brought under 42 U.S.C. § 1983 and the Religious

Land Use and Institutionalized Persons Act ("RLUIPA") alleging that defendants

interfered with the practice of his religion. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Rosebrock v. Mathis*, 745 F.3d 963, 970 n.8 (9th Cir. 2014) (dismissal on the basis of mootness); *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (a district court's compliance with a mandate). We affirm.

In Nance's prior appeal, we remanded for the district court to enter summary judgment in favor of Nance regarding "his request to order scented oils from an approved vendor . . . ."  *Nance v. Miser*, 700 F. App'x 629, 633 (9th Cir. June 29, 2017).  The district court complied with our mandate by entering a final judgment and permanent injunction that orders defendants to permit Nance to purchase, with some limitations, scented oils from an approved vendor of religious products for Muslims.

The district court did not abuse its discretion by entering the permanent injunction with restrictions on the size of the bottles of scented oil that Nance is now allowed to purchase.  *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013) (standard of review); *Kellington*, 217 F.3d at 1094 (a mandate "leaves to the district court any issue not expressly or impliedly disposed of on appeal" (citations omitted)); *see also Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1121 (9th Cir. 2000) (substantial burden under RLUIPA must be "more than an inconvenience").  We reject as unsupported by the record Nance's contentions that the scented oils he can now purchase do not

comply with Islamic law.

The district court properly dismissed as moot Nance's RLUIPA claim regarding the length of his beard because defendants have instituted a permanent grooming waiver. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur." (citation omitted)).

We do not consider allegations that were not raised in the operative complaint, including Nance's due process claim. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to address claims raised for the first time on appeal).

**AFFIRMED.**

18-15628